**Allen WORKMAN, Appellant,**

v.

**The CONTINENTAL INSURANCE COMPANY, a corporation, Appellee.**

**No. 75–1866.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1976.

Decided July 26, 1976.

Rudolph L. DiTrapano, Charleston, W. Va. (E. Joseph Buffa, Jr., DiTrapano,

Mitchell, Lawson & Field, Charleston, W. Va., on brief), for appellant.

Norman K. Fenstermaker, Huntington, W. Va. (Jenkins, Schaub, Fenstermaker & Wood, Huntington, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

BRYAN, Senior Circuit Judge:

Recovery was denied Allen Workman, a mining employee, by the District Court upon an accident policy issued by The Continental Insurance Company, because of his purported failure to give timely notice of claim of loss. His action against the insurer, with jurisdiction resting on diversity of citizenship and asking damages of $150,000, went off on a motion to dismiss. We see his demand upon the insurer as seasonably made and conclude he should be accorded a trial on its merits.

The facts, undisputed at this point of the litigation, were not complex. Allen Workman was an employee of the Buffalo Mining Company, a subsidiary of the Pittston Company in Logan County, West Virginia. On December 9, 1970 he enrolled in a voluntary accident insurance program that was arranged by Pittston, paid for by deductions from the employees' paychecks and underwritten by The Continental Insurance Company. Among other coverages, this insurance provided a $150,000 lump sum payment for permanent total disability, the only indemnity now at stake.

On September 20, 1971, Workman suffered a back injury while at work. By September 24, 1971 this ill-fortune had forced him to relinquish his job and soon required several hospitalizations as well as disc surgery. His attorney on June 27, 1972 filed a notice of claim with Continental. An independent medical examination was then arranged by Continental and afterwards it declined to make the lump sum settlement. This suit followed.

The policy provision for disability was this:

"COVERAGE B—PERMANENT TOTAL DISABILITY

(Applies to Insured Only)

Permanent Total Disability means such disability commencing within 180 days from the date of accident and continuing for twelve consecutive months, which shall prevent the insured person from engaging in any occupation or employment for which he is fitted by reason of education, training and experience for the remainder of his life. The Company will pay the Permanent Total Disability Benefit equal to the difference between the Principal Sum and the total of any other payments made under Coverage A on account of such injuries."

Rejection of the loss claim and dismissal of the suit were premised exclusively upon this policy stipulation:

"Notice of Claim: Written notice of claim must be given to the Company within thirty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the insured person and insured dependent or the beneficiary to the Company at New York, New York, or to any authorized agent of the Company, with information sufficient to identify the insured person shall be deemed notice to the Company."

■ To begin with, when related to the claim for permanent total disability, the "thirty days after the occurrence or commencement of any loss" notice plainly cannot be construed to apply to the period of time between the date of the accident and the notice to the insurer of the *accident.* The starting point of the 30 days is not the date of the accident but is "the occurrence or commencement" of the *loss.* The loss is the permanent total disability. No *loss* will be recognized by the insurer until the expiration of "twelve consecutive months" after the inception of the disability on September 24, 1971, i.e. within 180 days from the accident. Only after the end of the 12-month period is the 30-day notice demanded. No-

tice of a loss given *then* necessarily complies with the policy since it is thereby "given . . . as soon thereafter [the loss] as is reasonably possible". These conclusions derive from the wording of the disability provision. The policy contains no other terms offering a different interpretation.

Formal notice from plaintiff's attorney was filed with Continental on June 27, 1972. When measured against the allowance of "12 consecutive months" to the Company for diagnosis or ascertainment of permanent total disability it was well within the policy's exaction of notice. That fact is so firmly fixed it is not an issue open to trial.

While this discussion conclusively demonstrates the infirmities in the insurer's position, there are other considerations equally fatal to its plea. If the 30-day notice is to be considered to run from the date of the accident, it is quite clear that notification of this injury was given by plaintiff to his employer within four days; it was in the form of a claim for Workmen's Compensation. This notice to the employer was notice to the insurer since the policy was arranged by the parent company of the employer. Again, Continental is everywhere estopped from pressing lack of notice. Never has the insurer denied that within 30 days after the accident was it cognizant of the insured's injury. Furthermore, no rejection of the claim had even been hinted by Continental before September 14, 1972. The disallowance followed an examination of the plaintiff by a physician selected by Continental. This was almost a year after the accident. Both the fact of the examination and this lapse of time evidence the defendant's awareness of the claim of loss.

Dismissal of the action must be vacated, with remand of the action for trial on the substantive claim.

It is so ordered.